STATE of Iowa, Appellee,

v.

James B. WHITE, Appellant.

No. 63633.

Supreme Court of Iowa.

May 19, 1982.

Francis C. Hoyt, Chief Appellate Defender and Christian Odell, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Merle Wilna Fleming, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LeGRAND, Justice.

Defendant was charged with attempted murder, terrorism, and going armed with intent. After a jury trial, he was acquitted

of attempted murder and convicted of the two other crimes. On appeal, the Iowa Court of Appeals affirmed. We granted further review. We affirm in part and reverse in part. All statutory references herein are to the 1977 Code supplement.

The charges against defendant arose out of an incident which occurred on August 31, 1978, when he fired a shotgun at a parked car in the City of Dubuque. Defendant says his convictions should be reversed on the following grounds:

1. The trial court erred in denying his motion for directed verdict on both charges because there was no evidence corroborating his out-of-court confession.

2. The trial court erred in denying his motion for directed verdict on the charge of terrorism (section 708.6(1), The Code) because of insufficiency of the evidence.

3. The trial court erred in refusing to submit the charge of going armed with intent (section 708.8, The Code) as an included offense of terrorism rather than as a separate and independent crime.

We affirm the judgment on going armed with intent and reverse on the charge of terrorism. We do not remand, however, because defendant was entitled to a directed verdict of not guilty on that charge. In view of this conclusion, we do not reach the issue of included offense.

## I. *Corroboration.*

■ Out-of-court confessions cannot support a conviction unless corroborated by other evidence. *State v. Hobson,* 284 N.W.2d 239, 243 (Iowa 1979). Defendant says such corroboration was lacking here. For present purposes, we assume defendant's statement amounted to a confession and thus required corroboration. We find it was amply corroborated.

■ In *Hobson* we pointed out that Iowa R.Crim.P. 20(4), which became effective January 1, 1978, represents a departure from our prior law on corroboration of out-of-court confessions. Prior to the adoption of the new criminal code, corroboration was sufficient if it showed that the offense had been committed by *someone.* Now, however, Rule 20(4) requires corroboration which connects *defendant* with the crime. Because this rule is similar to the rule for corroboration of accomplice testimony, we apply the principle that the existence of corroborative evidence is an issue for the court and that its sufficiency is ordinarily for the jury. *See State v. Vesey,* 241 N.W.2d 888, 890 (Iowa 1976). Corroboration need not be strong nor need it go to the whole of the case so long as it confirms some material fact connecting the defendant with the crime. *Id.* at 890.

■ The evidence showed that at about 2:00 A.M. on the morning of August 31, 1978, a police officer observed defendant driving a white Cadillac El Dorado. Apparently because defendant was under suspicion for other activities, the officer followed the car. After rounding a corner, it was momentarily out of his sight, and the officer heard two shots. He immediately increased his speed to reach the point from which the shots had come, and he saw the white Cadillac speeding away from a parked car beside which several persons were standing. They waved the officer toward the fleeing Cadillac. He followed the car until it came to a stop some blocks from the shooting, and he then observed defendant running from the car into an adjacent house. A search of the building revealed defendant hiding in a storage area. A shotgun, containing two spent shells, was found on the front seat of defendant's car.

Later defendant confessed to firing the shots. At trial, defendant argues his confession was inadmissible because it lacked the corroboration which Iowa R.Crim.P. 20(4) requires.

Defendant's flight from the scene, his attempt to avoid detection by hiding, the presence of a shot gun with two spent shells, are incriminating circumstances which connect defendant with the crime. The trial court correctly submitted the question of corroboration to the jury.

## II. *Sufficiency of the Evidence.*

Defendant challenges his conviction on the charge of terrorism on the ground there was insufficient evidence to submit the case to the jury. He argues his motion for directed verdict should have been sustained.

Terrorism is defined in section 708.6, The Code, as follows:

A person commits a class "D" felony when the person does any of the following with the intent to injure or provoke fear or anger in another:

1. Shoots, throws, launches, or discharges a dangerous weapon at or into any building, vehicle, airplane, railroad engine or railroad car, or boat occupied by another person, and thereby places the occupants thereof in reasonable apprehension of serious injury.

2. Threatens to commit a forcible felony under circumstances raising a reasonable expectation that the threat will be carried out.

Defendant was prosecuted under subdivision 1 of this statute. The Information stated that defendant "committed terrorism by shooting or discharging a dangerous weapon . . . at or into a vehicle with intent to injure the occupants of said vehicle, to-wit: Johnny Pritchett and Ricky Pritchett, placing said occupants in reasonable apprehension of serious injury. . . ."

The question upon which the State and defendant disagree is the meaning we should place on that part of the statute which provides the victim must be placed "in reasonable apprehension of serious injury." The State argues the test to be applied is objective and that the victim need not actually experience apprehension if the circumstances would have induced that reaction in a reasonable person. The defendant takes the opposite view, insisting there can be no violation of this subsection unless the person subjected to the assault is subjectively placed in apprehension of serious injury.

We have not heretofore considered this problem. In *State v. Jackson*, 305 N.W.2d 420 (Iowa 1981) we reviewed a conviction under subsection 2 of section 708.6, The Code, and pointed out the significant difference in the language of that subsection as compared to subsection 1. We said:

[T]he terrorism statute does not state clearly whose reasonable expectation is addressed. But, because "the only act mentioned . . . is the act which is intended to place another in fear," the reasonable expectation must be that of the actor. Like the other sections of the assault chapter, use of the objective standard of reasonableness [in prosecutions under subsection 2] indicates the issue is not whether the victim actually believed the threat would be carried out, but whether the actor so intended, and whether the actor's belief was reasonable. . . .

We also note that while subsection (1) of the terrorism statute explicitly requires the accused's act must place the victims of the act "in reasonable apprehension of serious injury," subsection (2) contains no similar language. This disparity suggests the victim's state of mind was not intended to be a factor in subsection (2), under which this defendant was charged.

305 N.W.2d at 423.

In construing statutes, we ascribe to statutory terms their ordinary meaning unless the legislature otherwise defines them. *Jackson*, 305 N.W.2d at 422.

In the present case, we find the state of mind of both the actor and the victim is made an element of terrorism under subsection (1). The actor must intend to injure or to provoke fear or anger in another. In addition the victim—here the occupant of the car—must experience "apprehension of serious injury." Furthermore this apprehension must be reasonable under the circumstances. In other words, an unjustified apprehension, one for which a jury might find no basis in fact, will not suffice.

We believe these matters were properly presented to the jury by instructions 10 and 11, when those instructions are read together, even though the instructions are not models of clarity. But this does not answer defendant's argument. Even con-

ceding the instructions were adequate, we must still find evidence to support submission of the issue to the jury. There is no evidence from which the jury could find that the alleged victim experienced apprehension of serious injury. The jury could find a reasonable person in the position of the victim would have been frightened, but no evidence was adduced to show the actual effect of the shooting on this particular victim. This cannot be left to conjecture. The State's failure to produce any evidence on this point is fatal. The court of appeals found that the necessary element of apprehension could be "inferred" from the circumstances. We do not disagree that this could be true in some cases, but not under this record. We reverse but do not remand because defendant was entitled to a directed verdict on this charge and therefore cannot be tried again.

### III. *Included Offense.*

Because of the conclusion reached in Division II, we need not reach the question whether going armed with intent is an included offense of terrorism. Defendant presents this question in double jeopardy terms, but that issue would be important only if both convictions were affirmed. *See* section 701.9, The Code.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART; REVERSED IN PART, BUT CASE NOT REMANDED.

All Justices concur except SCHULTZ, J., who dissents from division II.