IN RE ESTATE OF ERMA SCHEIBE ZIEGENBEIN, DECEASED.
RUDOLPH C. ZIEGENBEIN AND NORWEST BANK IOWA, N.A.,
PERSONAL REPRESENTATIVE OF THE ESTATE OF ERMA SCHEIBE
ZIEGENBEIN, DECEASED, APPELLEES, V. HASTINGS COLLEGE ET AL.,
APPELLEES, AND DEAN R. SCHEIBE, APPELLANT.

519 N.W.2d 5

Filed June 28, 1994.   No. A-92-1071.

Scott D. Freese, of Hutton, Freese & Einspahr, P.C., for appellant.

William H. Grant, of Grant, Rogers, Maul & Grant, for appellee Norwest Bank Iowa.

HANNON and MILLER-LERMAN, Judges, and HOWARD, District Judge, Retired.

HOWARD, District Judge, Retired.

Rudolph C. Ziegenbein, the surviving spouse of Erma Scheibe Ziegenbein, filed his petition in the county court for Madison County to elect to receive one-half of Erma's augmented estate, pursuant to Neb. Rev. Stat. § 30-2317 (Reissue 1989). Dean R. Scheibe, Erma's son from her first

marriage, appeals from the district court's decision which affirmed the county court's order regarding what was to be included in the augmented estate and the manner in which contributions toward the balance of Rudolph's elective share would be apportioned. We affirm.

## STATEMENT OF FACTS

In 1983, Erma and Rudolph Ziegenbein were married. It was a second marriage for both parties. Erma had previously been married to Kermit Scheibe, father of appellant, Dean Scheibe. During Erma's marriage to Rudolph, she prepared a will which made specific bequests to Dean Scheibe, Hastings Presbyterian College Foundation, Morningside College, Abu-Bekr Shrine Temple of Sioux City, Abu-Bekr Hospital Transportation Fund, First United Methodist Church of Norfolk, Paradise Valley United Methodist Church, and Rudolph. Dean Scheibe received a specific sum of money and one-half of Erma's Norwest Bank stock. The specific bequest to Rudolph stated:

> I have conveyed my residence property in Scottsdale, Arizona to my husband . . . as a joint tenant, and for this reason, and because of the arrangements we have made during our lifetime for each other, if he survives me, I give and devise to him my personal automobile, jewelry, household effects, collections and any insurance thereon, and any other articles, tools, and personal equipment; and, further, I give and devise the life use to him of my furniture, and I give the remainder interest in my furniture only to my son, Dean R. Scheibe.

Erma then devised the residue and remainder of her estate in shares of one-fifth each to Grace United Methodist Church, First United Methodist Church, Hastings Presbyterian College Foundation, YMCA-YWCA of Sioux City, and St. Luke's Regional Medical Center.

Erma died on February 6, 1991. Rudolph timely filed his petition to receive his elective share in Erma's augmented estate, pursuant to § 30-2317. The county court determined that a joint checking account held by Erma and Rudolph should be excluded from the augmented estate. In addition, the county court determined the value of the specific and residuary

beneficiaries' interests in Erma's estate and apportioned their contributions to Rudolph's elective share according to their respective interests. Scheibe appealed to the district court, alleging that the joint checking account balance should have been included in the augmented estate and that the county court erred when it determined that each beneficiary should contribute toward Rudolph's elective share, without regard to whether an individual beneficiary was a specific or residuary beneficiary. The district court found that there was support in the record to show that all deposits to the joint checking account were made by Rudolph, and therefore the county court correctly excluded the account balance from the augmented estate. Finally, the district court held that the county court's decision to apportion the beneficiaries' contributions toward Rudolph's elective share in proportion to what each beneficiary received was equitable and consistent with Neb. Rev. Stat. § 30-2319 (Reissue 1989).

## ASSIGNMENTS OF ERROR

Scheibe alleges the district court erred when it sustained the county court's decision (1) to exclude the balance of Erma and Rudolph's joint checking account from the augmented estate and (2) to allocate the contribution each beneficiary made toward Rudolph's elective share in proportion to its interests and without regard to whether each beneficiary was a specific or residuary beneficiary.

## STANDARD OF REVIEW

■ An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993).

## ANALYSIS

*Exclusion of Joint Checking Account From Augmented Estate.*

This appeal involves the computation and manner of satisfaction of Rudolph's elective share of Erma's augmented estate. Under the Nebraska Probate Code, Neb. Rev. Stat. § 30-2201 et seq. (Reissue 1989 & Supp. 1991), the surviving spouse may elect to take up to one-half of the augmented estate of the deceased. § 30-2313. The purpose of

> [t]he combined . . . statutory elective share and augmented estate concepts is . . . to protect the surviving spouse of a decedent against donative inter vivos transfers by devices which would deprive the survivor of a "fair share" of the decedent's estate and at the same time prevent the surviving spouse from receiving more than such share by allowing the acceptance of certain transfers and insurance proceeds and also yet elect against the will.

*In re Estate of Carman*, 213 Neb. 98, 100, 327 N.W.2d 611, 613 (1982).

The augmented estate is the amount of the estate, minus the aggregate amount of funeral and administration expenses, homestead allowance, family allowances and exemptions, and enforceable claims. This amount is then increased by the aggregate amount of the following:

> (1) The value of property transferred by the decedent at any time during marriage to the surviving spouse to or for the benefit of any person other than a bona fide purchaser or the surviving spouse . . .
>
> . . .
>
> . . . and
>
> (2) [t]he value of property owned by the surviving spouse at death of the decedent . . . and only to the extent both to which such property would have been included in the augmented estate of the surviving spouse if the surviving spouse had predeceased the decedent and to which such property is derived from the decedent by any means other than testate or intestate succession without adequate and full consideration in money or money's worth, if such property is property of any of the following types:
>
> . . .
>
> (ii) [a]ny property owned by the surviving spouse at death of the decedent . . . except to the extent to which the surviving spouse establishes that such property was derived from any source other than the decedent.

§ 30-2314.

The following testimony of Rudolph was offered at the county court hearing:

Q. So you did have a joint checking account?

A. Well, that was my money though, in my bank separate. . . .

. . . .

Q. So the only bank account that you would have had both your names on was a checking account . . .

A. Right. Right. And that was my money.

Q. And do you know what bank that was at?

A. Sure, Delay National Bank. FirsTier Bank now.

Q. Okay. When you say it was your money, did you put . . . how do you know it was your money? Did you just . . . did you just make deposits in that checking account?

A. That's right. That was mine.

Q. Did she ever . . .

A. And she . . . the only time she wrote checks is for the lady to come in to clean house.

Q. Did she ever deposit money in that checking account?

A. No. No. Hers was all separate but I didn't know about it 'till after she passed away.

Rudolph's testimony was unrebutted. Scheibe alleges that Rudolph's testimony alone is insufficient to establish that the balance of the account was derived from any source other than Erma. We disagree. We find that Rudolph's testimony is competent evidence which supports the county court's finding of fact that Rudolph was the sole contributor to the account. We note that § 30-2703 states that during the lifetime of the joint tenants, a joint account balance belongs to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent of the parties. Therefore, we find the court did not err when it excluded the balance of the account from the augmented estate. See *Estate of Fisher*, 545 A.2d 1266 (Me. 1988) (testimony of surviving spouse that he alone contributed to the deposits in a joint account established that account should be excluded from augmented estate).

*Beneficiaries' Contributions Toward Elective Share.*

Under § 30-2319, the elective share of the augmented estate

is satisfied in the following manner:

> [P]roperty which is part of the augmented estate which passes or has passed to the surviving spouse by testate or intestate succession or other means and which has not been renounced, including that described in section 30-2314, is applied first to satisfy the elective share and to reduce the amount due from other recipients of portions of the augmented estate.
>
> (b) Remaining property of the augmented estate is so applied that *liability for the balance of the elective share of the surviving spouse is equitably apportioned among the recipients of the augmented estate in proportion to the value of their interests therein.*

(Emphasis supplied.) Our research has not revealed Nebraska case law which interprets this clause.

Scheibe alleges the district court erred when it held that each beneficiary must make a contribution to the elective share in proportion to the beneficiary's interests, without regard to whether said beneficiary is a specific or residuary beneficiary. Scheibe alleges that the court's decision not to distinguish between specific and residuary beneficiaries when it determined their individual contributions to the elective share was inequitable and therefore did not comply with the requirements of § 30-2319. In addition, Scheibe alleges that such a decision does not comply with the testator's intent. By implication, Scheibe's argument is that it would be more equitable to require the residuary beneficiaries, among whom he is not included, to be the first to contribute to the elective share. We cannot agree. First, the county court's decision to require each beneficiary, without regard to whether the beneficiary was specific or residuary, to contribute proportionately, according to its interests, to the elective share preserves the general plan of the will, and the balance between specific and residuary beneficiaries is maintained. See *Wilkinson v. Brune*, 682 S.W.2d 107 (Mo. App. 1984). Second, we cannot agree with Scheibe that the county court's apportionment does not comply with the testator's intent. Erma did not provide in her will as to how she would prefer Rudolph's elective share be satisfied, nor has Scheibe offered

any evidence regarding Erma's intent. As the *Wilkinson* court noted, an apportionment which maintains the balance between specific and residuary beneficiaries, such as that made by the county court in this case,

> recognizes that the testator does not necessarily prefer his specific legatees over general and residuary legatees. In fact, the exact opposite may be his intent. The testator may wish to leave some specific but less significant items to specific legatees, and the bulk of the estate to another through the residuary clause.

*Id.* at 109. See, also, *In re Estate of Cole*, 200 N.J. Super. 396, 491 A.2d 770 (1984).

Finally, we note that the county court's decision is in keeping with the plain meaning of § 30-2319(b), which does not distinguish between beneficiaries. In contrast, the Legislature did distinguish between beneficiaries when it enacted the abatement section, § 30-24,100, of the Nebraska Probate Code. Section 30-2320 provides that spouses omitted from a will because the marriage occurred after the will was created shall receive a share of the estate, and § 30-2321 provides for shares of the estate for certain pretermitted children, including children born or adopted after the will has been executed. In both §§ 30-2320 and 30-2321, the statutes require that in satisfying such shares, devises will abate according to § 30-24,100. Under § 30-24,100, shares of distributees abate, *"except as provided in connection with the share of the surviving spouse who elects to take an elective share . . .* in the following order: (1) property not disposed of by the will; (2) residuary devises; (3) general devises; (4) specific devises." (Emphasis supplied.) In light of the fact that the Legislature specifically provided for abatement of devises when it provided for a share of the estate for omitted spouses and pretermitted children and specifically exempted from the abatement statute those cases in which a spouse elects to take his or her share, it appears unlikely that the Legislature intended that an equitable apportionment meant that residuary devisees would first be required to contribute to the elective share. We therefore affirm the district court's decision which upheld the county court's order.

## CONCLUSION

We find that there is competent evidence in the record to support the county court's finding that Rudolph was the sole contributor to Erma and Rudolph's joint checking account, and therefore the county court correctly held that the balance of the account should have been excluded from the augmented estate. We also find that the district court's decision to require all beneficiaries to contribute proportionally according to their interests is both equitable and in accord with § 30-2319. We therefore affirm the district court's decision to uphold the county court's order.

AFFIRMED.