# IN THE COURT OF APPEALS OF IOWA

No. 16-1235
Filed June 7, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROYLEE RICHARDSON JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

The defendant appeals from his convictions for intimidation with a dangerous weapon, possession of a firearm by a felon, willful injury resulting in bodily injury, and going armed with intent.  **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Roylee Richardson Jr. appeals from his convictions for intimidation with a dangerous weapon, possession of a firearm by a felon, willful injury resulting in bodily injury, and going armed with intent. Richardson maintains there was insufficient evidence to support his conviction for intimidation with a dangerous weapon. Additionally, he claims trial counsel was ineffective for failing to object to the admission of a jailhouse phone call purportedly made by the defendant. Richardson claims counsel should have objected because (1) the State had not laid the necessary foundation or properly authenticated the recording before requesting to have it admitted and (2) the probative value of the phone call was substantially outweighed by the danger of unfair prejudice.

**I. Sufficient Evidence: Intimidation with a Dangerous Weapon.**

Richardson maintains there was not sufficient evidence to support his conviction for intimidation with a dangerous weapon because the State failed to present evidence the victim of the shooting actually experienced "apprehension." *See State v. White*, 319 N.W.2d 213, 215 (Iowa 1982) ("In addition the victim— here the occupant of the car—must experience 'apprehension of serious injury.' Furthermore, this apprehension must be reasonable under the circumstances. In other words, an unjustified apprehension, one for which a jury might find no basis in fact, will not suffice."). In response, the State maintains Richardson has not preserved this argument for our review. We agree with the State.

First, we note Richardson incorrectly claims in his appellate brief, "Error was preserved by the timely filing of the Notice of Appeal in this matter." *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals*

*in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation. In fact, the two concepts are mutually exclusive."). Rather, sufficiency-of-the-evidence claims are preserved through a timely and specific motion for judgment of acquittal.[1] *See State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005) ("[W]hen the motion for judgment of acquittal did not make reference to the specific elements of the crime on which the evidence was claimed to be insufficient, it does not preserve the sufficiency of the evidence issue for review.").

Here, when the State rested, Richardson moved for a judgment of acquittal,[2] stating:

> At this time, I would like to make a motion for [judgment of acquittal] on each count within the Trial Information, in that the State has not met its burden of proof, at this time, required by law, and that—specifically, as to Count 3, which is Willful Injury Resulting on Bodily Injury.

He renewed his motion at the close of evidence, stating:

> The defendant makes—renews [his] motion for judgment of acquittal on all five charges[3] in that the State has not met its burden on a number of them, specifically the conspiracy count in if showing that both witnesses would know or would not know whether or not a conspiracy or an agreement had taken place. Both testified they just got in the car and went and ended up in this situation. That doesn't make a conspiracy. You have to agree to

---

[1] Richardson also maintains his specific claim of error has been preserved through his filing of a motion in arrest of judgment before sentencing. However, "[a] motion in arrest of judgment may not be used to challenge the sufficiency of the evidence." *State v. Dallen*, 452 N.W.2d 398, 399 (Iowa 1990).

[2] Counsel mistakenly referred to the motion as one for directed verdict, but as both the State and the court treated the motion as one for judgment of acquittal, we do the same.

[3] Richardson was also charged with a fifth count, conspiracy to commit a forcible felony. The jury found Richardson not guilty of that charge.

go and do it, and then, one of you, upon the agreement, has to do an overt act. There was not an agreement.

In addition, with regard to willful injury, the State has not met its burden on that in stating that Mr. Richardson went forward with a specific intent in which to harm Charles Wilson with serious injury but ended up resulting in bodily injury. I don't believe that even an inference of evidence has been introduced to show that Mr. Richardson had any type of, you know, general intent or specific intent in which to go and harm Mr. Wilson.

As was testified by Tyler Roelandt, he knows Mr. Richardson. He doesn't see why—or why Mr. Richardson would have a—any kind of a beef with Mr. Wilson or a beef with him, so then, in argument, why would Mr. Richardson then go and fire into a car, you know, specifically aiming, or however it is, at Mr. Wilson? As to going armed with intent, that also—you have to have a specific intent in which to go with a dangerous weapon. So, therefore, we would ask for judgment of acquittal on all five counts in the case before the Court. Thank you.

Although Richardson generally stated he was challenging the sufficiency of the evidence as to each of the five charges, he never specifically referenced the intimidation-with-a-dangerous-weapon count, let alone claimed there was not substantial evidence the shooting victim actually experienced apprehension.

Our supreme court has recognized "an exception to the general error-preservation rule when the record indicates that the grounds for a motion were obvious and understood by the trial court and counsel." *Williams*, 695 N.W.2d at 27. But that was not the case here. Rather, Richardson's defense at trial challenged whether he was the individual who committed the crime, and the court responded accordingly when overruling Richard's motion, noting, "Well, I think, based on the evidence presented so far, that a reasonable jury could, under the evidence, find the defendant guilty on all the charges. We have an eyewitness that saw him shooting."

Because Richardson's claim about the sufficiency of the evidence has not been preserved, we decline to consider it further.

## II. Ineffective Assistance.

Richardson maintains trial counsel was ineffective for failing to object to the admission of a jailhouse phone call. He claims counsel should have challenged whether the State presented the proper foundational evidence and whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

We review claims of ineffective assistance de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "To establish his claim of ineffective assistance of counsel, [Richardson] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Richardson's claim fails if either element is lacking. *See Everett v State*, 789 N.W.2d 151, 159 (Iowa 2010). We resolve claims of ineffective assistance on direct appeal only when the record is adequate to do so. *See State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012). Here, we do not believe it is.

Richardson maintains the audio was not properly authenticated by the State because the only testimony about the recording came from a senior accounting clerk from the jail, who testified about how the jail's telephonic recording system works. We believe the witness's testimony regarding how the system worked, how and where the records were kept, and how one can find or recall audio of various callers was sufficient to lay the foundation that the recordings were accurate and trustworthy. *See State v. Weatherly*, 519 N.W.2d

824, 826 (Iowa 1994) ("The test in Iowa for recorded conversations is whether 'evidence established that it is accurate and trustworthy.'" (citation omitted)); *see also State v. Reynolds*, No. 15-0226, 2016 WL 6652311, at *5 (Iowa Ct. App. Nov. 9, 2016) (finding the testimony of a crime scene technician had been enough to authenticate a jailhouse recording). However, there was no testimony from anyone who was familiar with Richardson's voice indicating it was him on the recording. *See* Iowa R. Evid. 5.901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); c*f. Weatherly*, 519 N.W.2d at 827 (where a witness testified he was one of the parties on the call and the recording was accurate); *Reynolds*, 2016 WL 66652311, at *5 (where the officer who was familiar with the defendant's voice testified that he recognized the voice on the recording as being the defendant's).

Still, we cannot say whether counsel's lack of objection was ineffective assistance. If counsel had objected, it is possible the State would have asked another question or called another foundational witness and remedied the issue. *See State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011) ("[T]rial counsel is not ineffective in failing to urge an issue that has no merit."). Additionally, counsel may have known or anticipated this and made a strategic choice not to put additional emphasis on the phone call.

Because the record is inadequate to consider the merits of Richardson's foundational claims regarding the audio recording and because we consider the cumulative effect of possible errors when considering a defendant's claims of ineffective assistance, *see State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012), we

preserve both Richardson's claim that counsel was ineffective for failing to object to the lack of foundation and his claim counsel was ineffective for failing to object that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice for possible postconviction-relief proceedings.

**AFFIRMED.**