# IN THE COURT OF APPEALS OF IOWA

No. 15-2038
Filed November 8, 2017

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**OWEN ROBERT GORDON,**
       Defendant-Appellant.
_____


Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.


Defendant appeals his convictions for eluding, operating while under the influence of a drug, and possession of a controlled substance. **AFFIRMED.**


John P. Beauvais Jr., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


Heard by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Owen Gordon appeals his convictions for eluding, operating while under the influence of a drug, and possession of a controlled substance. We find a defendant may be convicted of possession of a controlled substance, even though the State has not located the controlled substance, if there is sufficient evidence the defendant actually possessed the controlled substance at one time. Also, there is substantial evidence in the record to support Gordon's convictions for eluding, operating while under the influence, and possession of a controlled substance (marijuana). We affirm the district court.

## I. Background Facts & Proceedings

On July 7, 2015, at 1:23 a.m., Officer Brandon Hallopeter was in his squad car in Sioux City when he observed a GMC Yukon drive by. As a matter of routine, Officer Hallopeter checked the license plate of the vehicle and discovered it had expired. He began following the Yukon, and it "increas[ed] its speed, acting like it was trying to elude me." Officer Hallopeter saw the vehicle take a wide turn and run through a stop sign. He turned on his flashing lights and siren, but the vehicle did not stop. Officer Hallopeter informed dispatch he believed the driver of the vehicle might be impaired. The vehicle went through several more stop signs, was going seventy miles per hour in a thirty-five mile per hour zone, and crossed the center line several times. After a chase lasting about nine minutes, the vehicle stopped.

The driver of the vehicle was Gordon, and there was a female passenger in the car.[1] Officer Hallopeter noticed the odor of marijuana coming from the vehicle and Gordon. Officer Michael Sitzman arrived at the scene and stated he detected "the odor of raw marijuana coming from inside the vehicle." Officer Sitzman was part of a canine unit. His dog alerted to the odor of a controlled substance on the passenger's side floorboard and a bag in the backseat. Officers found rolling papers in the vehicle but did not find any controlled substances.

Gordon stated he had taken about ten hits from a marijuana joint and then threw the marijuana out the window while he was being pursued. Gordon was taken to the police station, where Officer Hallopeter engaged in a twelve-step drug recognition process.[2] Officer Hallopeter believed Gordon was under the influence of marijuana due to lack of eye convergence, rebound dilation of the pupils, marked reddening of the conjunctiva, eyelid tremors, a high pulse, and high blood pressure. The jailer, Miranda Kluver, stated Gordon "had red bloodshot eyes. They were a little glossy."

Gordon was charged with eluding, in violation of Iowa Code section 321.279(3) (2015); operating while under the influence of a drug, in violation of section 321J.2; and possession of a controlled substance (marijuana), in violation of section 124.401(5). Gordon filed a motion for adjudication of law points, claiming he could not be found guilty of possession of a controlled substance when no controlled substance had been located. The court did not grant the

---

[1] The female passenger was questioned by officers and then released.
[2] Officer Hallopeter requested a urine test, which Gordon refused.

motion, stating "factual disputes exist which may need to be developed before the court considers the merits of the motion."

Gordon waived his right to a jury trial and the case was tried to the court. The court found Gordon was guilty of eluding, operating while under the influence, and possession of marijuana. In total, Gordon was sentenced to a term of imprisonment not to exceed five years. He now appeals his convictions.

## II.        Possession of a Controlled Substance

**A.**        Gordon claims the district court should have granted his motion to adjudicate law points. He states, as a matter of law, a person may not be convicted of possession of a controlled substance when the controlled substance has not been located. We review a district court's ruling on a motion to adjudicate law points for the correction of errors at law. *State v. Muhlenbruch*, 728 N.W.2d 212, 214 (Iowa 2007).

In *State v. Vance*, 790 N.W.2d 775, 779 (Iowa 2010), the defendant was convicted of possession of pseudoephedrine with intent to manufacture a controlled substance although no pseudoephedrine was found. The State produced evidence of a receipt for pseudoephedrine, pharmacy records to show Vance purchased it earlier on the day he was stopped by officers, and other items used to manufacture methamphetamine. *Vance*, 790 N.W.2d at 784. The Iowa Supreme Court stated, "Although the pseudoephedrine was not found on Vance's person at the time of the stop, substantial evidence supports the jury's finding that at one time Vance had actual possession of the pseudoephedrine with the intent to manufacture methamphetamine." *Id.* Citing *Vance*, our

supreme court has determined "an individual has actual possession when the contraband is found on his or her person *or* when substantial evidence supports a finding it was on his or her person 'at one time.'" *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014).

We conclude the district court was correct in its decision not to grant Gordon's motion to adjudicate law points. The law does not support Gordon's claim there can be no conviction for possession of a controlled substance when the controlled substance has not been located. It is sufficient if there is evidence a defendant had possession of the controlled substance "at one time." *Id.*; *Vance*, 790 N.W.2d at 784.

**B.** Gordon claims there is not sufficient evidence in the record to support his conviction for possession of marijuana. He claims his statement he had ingested marijuana earlier and then tossed marijuana from the vehicle are insufficient to show he had possession of marijuana because he might have been lying to protect his female passenger. He points out the police dog did not indicate marijuana was present on the driver's side of the vehicle. He also states he might have had other reasons, such as an outstanding warrant, which caused his attempt to evade the police.

We review claims challenging the sufficiency of the evidence in a criminal case for the correction of errors at law. *State v. Dalton,* 674 N.W.2d 111, 116 (Iowa 2004). We will uphold the jury's verdict when it is supported by substantial evidence in the record. *State v. Hagedorn,* 679 N.W.2d 666, 668 (Iowa 2004). "Evidence is substantial if it would convince a rational fact finder that the

defendant is guilty beyond a reasonable doubt." *State v. Quinn,* 691 N.W.2d 403, 407 (Iowa 2005). We view the evidence in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly be deduced from the record evidence." *State v. Carter,* 696 N.W.2d 31, 36 (Iowa 2005).

In order to establish possession of a controlled substance, the State must prove a defendant "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *Thomas,* 847 N.W.2d at 442. This may be established through actual or constructive possession. *Id.* A defendant has actual possession of a controlled substance when it is found on his or her person or there is substantial evidence the controlled substance was on his or her person at some point in time. *Id.* On the other hand, there is constructive possession "when the evidence shows the defendant 'has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it.'" *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016) (citation omitted).

Gordon stated he had taken about ten hits from a marijuana joint, admitting he had possession of the marijuana prior to using it. He also stated he had possession of an additional amount of marijuana, which he threw out the window of his vehicle as he was attempting to evade the police. Gordon's confession, standing alone, is not sufficient to serve as the basis for his conviction. *See State v. Polly*, 657 N.W.2d 462, 466 (Iowa 2003) (noting a defendant's confession must be supported by other proof the defendant

committed the offense). "[A]dmissions of essential facts or elements of the crime made after the alleged crime must be supported with sufficient corroborating evidence." *State v. Meyers*, 799 N.W.2d 132, 139 (Iowa 2011). "Corroboration need not be strong nor need it go to the whole of the case so long as it confirms some material fact connecting the defendant with the crime." *State v. White*, 319 N.W.2d 213, 214 (Iowa 1982).

Gordon's admission he had possession of marijuana is corroborated in several respects. Officer Hallopeter testified Gordon and his vehicle had an odor of marijuana. Also, Officer Michael Sitzman detected "the odor of raw marijuana coming from inside the vehicle." The police dog alerted to the odor of a controlled substance on the passenger's side floorboard and a bag in the backseat. When Officer Hallopeter engaged in a twelve-step drug recognition process, he found evidence Gordon was under the influence of marijuana based on lack of eye convergence, rebound dilation of the pupils, marked reddening of the conjunctiva, eyelid tremors, a high pulse, and high blood pressure. Additionally, the jailer, Miranda Kluver, stated Gordon "had red bloodshot eyes. They were a little glossy." Furthermore, the evidence Gordon was impaired while driving—the wide turn, speeding, and crossing the center line—supports a finding he was under the influence of marijuana. All of this evidence corroborated Gordon's statement he possessed marijuana.

If the only evidence of possession of marijuana was Gordon's confession, this may well be a different case. Under the facts presented to the court, however, there is sufficient corroborating evidence to support Gordon's

statement he possessed marijuana. The corroborating evidence confirms material facts connecting Gordon with possession of marijuana, including the odor of marijuana and physical evidence Gordon was under the influence of marijuana. We find there is substantial evidence in the record to support Gordon's conviction for possession of a controlled substance (marijuana). We find there is substantial evidence to show Gordon had actual possession of marijuana at one time.

### III.    Operating While Under the Influence

Gordon was charged with driving "[w]hile under the influence of an alcoholic beverage or drug or a combination of such substances." *See* Iowa Code § 321J.2(1)(a). In considering whether a person is driving while under the influence, we focus on the conduct and demeanor of the person. *State v. Hutton*, 796 N.W.2d 898, 904 (Iowa 2011). "We have previously said that a person is 'under the influence' when the consumption of alcohol [or drugs] affects the person's reasoning or mental ability, impairs a person's judgment, visibly excites a person's emotions, or causes a person to lose control of bodily actions." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004).

As noted above, Gordon stated he had taken about ten hits from a marijuana joint. There was substantial evidence in the record to support a finding Gordon's consumption of marijuana affected his reasoning or mental ability and impaired his judgment, causing him to attempt to evade the police, drive erratically by making a wide turn and going over the center line, go seventy miles per hour in a thirty-five mile per hour zone, and failing to obey stop signs. There

was also substantial evidence to show his use of marijuana caused him to lose control of bodily actions, based on the evidence of intoxication discussed above. We conclude there is substantial evidence to support Gordon's conviction for operating while under the influence.

## IV. Eluding

Gordon was charged with eluding in violation of section 321.279(3), which provides:

> The driver of a motor vehicle commits a class "D" felony if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section, and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:
> . . . .
> b. The driver is in violation of section 321J.2 or 124.401.

Gordon claims the evidence does not show he violated section 321J.2, and therefore, there is not sufficient evidence to support his conviction for eluding.

We have already determined there is substantial evidence in the record to support Gordon's conviction for operating while under the influence, in violation of section 321J.2(1)(a). In addition, there is substantial evidence in the record to show Gordon kept driving after being given a visual and audible signal to stop and exceeded the speed limit by about thirty-five miles per hour. We find there is sufficient evidence to support Gordon's conviction for eluding.

We affirm Gordon's convictions for eluding, operating while under the influence, and possession of a controlled substance (marijuana).

**V.     Ineffective Assistance**

Gordon states the present record is insufficient to raise any claims of ineffective assistance of counsel and asks us to preserve any such claims for a postconviction proceeding.  Gordon does not set out, even in the broadest terms, the issues he may seek to raise as a claim of ineffective assistance of counsel. We conclude no issue has been raised that should be addressed on appeal.  *See* Iowa R. App. P. 6.903(2)(g).

**AFFIRMED.**