# IN THE COURT OF APPEALS OF IOWA

No. 17-0142
Filed April 4, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**REES GREGORY BENNETT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Rees Bennett appeals one conviction of domestic abuse assault with intent to inflict serious injury and the sentences imposed upon that conviction and an additional conviction. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

A jury found Rees Bennett guilty of domestic abuse assault with intent to inflict serious injury, and Bennett pled guilty to a separate offense of domestic abuse assault with intent to inflict serious injury. He appeals the conviction based on the jury verdict and the sentences imposed upon both convictions. As to the jury verdict, he contends the evidence was insufficient to show that he was the person who committed the assault and his counsel rendered ineffective assistance in failing to file a motion for a new trial on weight-of-the-evidence grounds.[1] As to both convictions, he argues the district court abused its discretion in sentencing because the sentence imposed does "not serve the important goal of rehabilitation nearly as well as the sentence suggested by defense counsel."

I.      **Background Facts and Proceedings**

Based upon the evidence presented, a reasonable jury could have found the following facts. In the late evening hours of August 6, 2016, T.A. and his wife were at their home watching television when they heard a loud knock on their door. Upon answering the door, T.A. observed his daughter, P.A., who was "hysterical, crying, [and] upset." P.A.'s condition prompted her parents to call 911. An emergency medical technician examined P.A. on the scene and observed a cut on the inside of P.A.'s lip, swelling of the lip, swelling around her left eye, and bruising on her right arm. P.A. advised the technician she had been the victim of an assault

---

[1] Bennett's appellate brief also passively suggests trial counsel was ineffective in failing to file a motion in arrest of judgment. Bennett's ensuing ineffective-assistance-of-counsel argument is limited to his counsel's failure to file a motion for a new trial on weight-of-the-evidence grounds under Iowa Rule of Criminal Procedure 2.24(2)(b)(6). We therefore limit our analysis to the argument that counsel was ineffective for failing to file a motion for a new trial on that ground.

and was punched in the head and upper body more than ten times. P.A. was transported to the hospital by ambulance; her father accompanied her. At the hospital, P.A. repeated the cause of her injuries to her treating physician. The physician diagnosed P.A. with a concussion.

A local sheriff's deputy interviewed P.A. at the hospital. The deputy provided rebuttal testimony at the trial that P.A. advised him she and Bennett got into an argument concerning Bennett's consumption of alcohol. Thereafter, while P.A. and Bennett were traveling in a vehicle, the argument turned physical, which involved Bennett repeatedly hitting P.A. in the head and face with his fists. P.A. was able to convince Bennett to pull the vehicle over, at which time she exited the vehicle and ran. Bennett followed her in the vehicle and, when she stopped running, Bennett got out of the vehicle and kicked P.A. into a ditch, after which Bennett continued to repeatedly strike her in the head and face.

The following morning, August 7, Bennett was arrested and charged with domestic abuse assault with intent to inflict serious injury and a no-contact order was issued. While in jail, Bennett had telephone conversations with his mother; these calls were recorded. Two of the calls occurred on August 9. In the first call, Bennett's mother implicitly accused him of committing the assault, stating, "I can't believe my son would do something like that." Bennett responded, "I will say that I wish I could say I was sorry to her and that I was in the wrong and nothing should have ever happened." In the second call, Bennett's mother described P.A.'s injuries and advised Bennett he hurt her. Bennett responded, "I know and I'm sorry."

On August 11, Bennett posted bond and was released from jail. On August 14, P.A. filed a motion to dismiss the no-contact order. On August 18, Bennett was stopped by law enforcement for speeding. P.A. was a passenger in the vehicle. Bennett was taken into custody for violation of the no-contact order. Bennett again posted bond and was released from jail shortly thereafter. On August 23, the district court denied P.A.'s motion to dismiss the no-contact order. On August 24, Bennett was arrested on a second charge of domestic abuse assault with intent to inflict serious injury upon P.A. The district court denied the State's subsequent motion to combine the criminal cases.

The first case proceeded to a jury trial. P.A. testified for the defense and denied Bennett's involvement in her assault, stating instead that it was her parents who caused her injuries. She denied she ever spoke to the police on the night in question and testified to her love for Bennett. The jury found Bennett guilty in November. In December, pursuant to a plea agreement, Bennett pled guilty in the second case. The district court sentenced Bennett to, among other things, two years of incarceration on each charge, to be served concurrently. As noted, Bennett appeals. Additional facts may be set forth below as are relevant to the issues on appeal.

## II. Sufficiency of the Evidence

Appellate review of sufficiency-of-the-evidence challenges is for correction of errors at law. *State v. Ortiz*, 905 N.W.2d 174, 179 (Iowa 2017). "We view the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Id.* at 180 (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). The verdict will be upheld if it is

supported by substantial evidence in the record. *Id.* "Evidence is . . . substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* (ellipsis in original) (quoting *State v. Neiderbach*, 837 N.W.2d 180, 216 (Iowa 2013)). We consider all of the evidence, "not just the evidence supporting guilt." *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).

Bennett argues the district court erred in denying his motions for judgment of acquittal because the evidence presented in his jury trial was insufficient to show that he was the person who committed the crime. Bennett's argument appears to focus on his motion for judgment of acquittal at the close of the State's case-in-chief. He argues "the State's case in chief provided no witnesses who identified [him] as the perpetrator of the assault against [P.A.]," as the sheriff's deputy's testimony that Bennett was the assailant was not presented until the State's rebuttal.[2] He argues the implicit confessions contained in the jail recordings were without corroboration and the evidence was therefore insufficient to support a conviction; and thus his motion for judgment of acquittal at the close of the State's case-in-chief should have been sustained.

Because Bennett's argument focuses on the corroboration rule contained in Iowa Rule of Criminal Procedure 2.21(4), we will analyze this argument assuming that his statements in the recordings amounted to confessions.[3] Bennett

---

[2] Bennett did not move for judgment of acquittal at the close of his case-in-chief. He renewed his motion at the close of the State's rebuttal.

[3] The State contends the audio tapes include admissions rather than confessions. Regardless of whether the statements were admissions or confessions, our analysis would be the same. *See State v. Polly*, 657 N.W.2d 462, 466 n.1 (Iowa 2003).

is correct that "[t]he confession of [a] defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." Iowa R. Crim. P. 2.21(4); *accord State v. White*, 319 N.W.2d 213, 214 (Iowa 1982) ("Out-of-court confessions cannot support a conviction unless corroborated by other evidence."). "Although individual items of circumstantial evidence may be insufficient corroboration, the combination of the circumstances may permit a jury to conclude the confession or admission was corroborated." *State v. Liggins*, 524 N.W.2d 181, 187 (Iowa 1994). "Corroboration need not be strong nor need it go to the whole of the case so long as it confirms some material fact connecting the defendant with the crime." *White*, 319 N.W.2d at 214. The "other proof" can be direct or circumstantial and "does not have to prove the offense beyond a reasonable doubt or even by a preponderance." *Polly*, 657 N.W.2d at 647.

It is undisputed that P.A. was assaulted. We consider the following evidence presented during the State's case-in-chief to determine whether Bennett's statements of confession were sufficiently corroborated. The sheriff's deputy generally testified that his interview with P.A. prompted him to visit Bennett's home and ultimately arrest him. P.A.'s father testified the evening in question was his birthday and he had family members over for dinner. He testified P.A. did not attend the dinner, because she was with Bennett. After the dinner was over and family members left, P.A. arrived at her parents' home in her disheveled, beaten state. P.A.'s father's testimony provides circumstantial evidence connecting Bennett with the crime—P.A. was with Bennett, then she arrived at her parents' house showing evidence she had been assaulted. *See*

*Polly*, 657 N.W.2d at 467; *White*, 319 N.W.2d at 214; *see also State v. Jellema*, 206 N.W.2d 679, 681 (Iowa 1973) (noting circumstantial evidence is sufficient to warrant a finding of guilt). Viewing the evidence in the light most favorable to the State, we conclude the evidence presented in the State's case-in-chief was sufficient to warrant the district court's denial of Bennett's motion for judgment of acquittal.

The State's rebuttal witness testified as to the statements P.A. made to him while he interviewed her at the hospital. Those statements provided additional and substantial corroboration of Bennett's assault on her. The fact that P.A. testified for the defense and denied Bennett's involvement generated credibility issues for resolution by the jury. We reject Bennett's challenge to the district court's denial of his renewed motion for judgment of acquittal following the State's rebuttal witness, and affirm the district court's denial of that motion. Courts are not allowed to second guess the jury's credibility findings under a sufficiency-of-the-evidence assessment. *See State v. O'Shea*, 634 N.W.2d 150, 155 (Iowa Ct. App. 2001).

## III. Ineffective Assistance of Counsel and Weight of the Evidence

Next, Bennett raises his challenge to the weight of the evidence as an ineffective-assistance-of-counsel claim, which we review de novo. *Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017). To prevail on his claim of ineffective assistance of counsel, Bennett must prove by a preponderance of the evidence that (1) his counsel was deficient in failing to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017) (quoting *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006)). In considering a claim of ineffective assistance of counsel, it is not

necessary for a reviewing court to determine whether "trial counsel's performance was deficient before examining the prejudice component of [the] ineffective-assistance claim." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006); *accord Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). "Prejudice is established if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harris*, 891 N.W.2d at 185–86 (quoting *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008)); *accord Strickland*, 466 U.S. at 694. "In other words, a party claiming prejudice arising from ineffective assistance of counsel must establish a probability of a different result sufficient to undermine our confidence in the outcome of the case." *Harris*, 891 N.W.2d at 186. If an argument to the district court would have been meritless, the claim fails. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

The district court may grant a defendant's motion for a new trial when the verdict is contrary to the weight of the evidence. Iowa R. Crim. P. 2.24(2)(b)(6); *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). "A verdict is contrary to the weight of the evidence only when 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *Ary*, 877 N.W.2d at 706 (quoting *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006)). Had Bennett's trial counsel raised a weight-of-the-evidence argument in a motion for a new trial, the district court would have considered whether more credible evidence "support[ed] the verdict rendered than support[ed] the alternative verdict." *Id.* This assessment "is broader than the sufficiency-of-the-evidence standard in that it permits the court to

consider the credibility of witnesses." *Id.* At the same time, however, "it is also more stringent than the sufficiency-of-the-evidence standard in that it allows the court to grant a motion for a new trial only if more evidence supports the alternative verdict as opposed to the verdict rendered." *Id.* The grant of a new trial on weight-of-the-evidence grounds is appropriate "only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered." *Id.*

Here, the jury was confronted with differing versions of events. On the one hand, a sheriff's deputy testified P.A. identified Bennett as her assailant. This testimony was accompanied by a detailed description of facts consistent with the injuries P.A. sustained. This theory of the case was supported by Bennett's implicit confessions to his mother that he committed the crime. On the other hand, P.A. testified for the defense and denied Bennett's involvement in her assault, stating instead that it was her parents who caused her injuries. She denied she ever spoke to the police on the night in question and testified to her love for Bennett. The jury's ultimate verdict makes clear that it found the deputy's testimony more credible than P.A.'s testimony. Based on our review of the evidence, we agree with the jury and conclude more credible evidence supports the guilty verdict than supports a verdict of not guilty. We find, had trial counsel filed a motion for a new trial on weight-of-the-evidence grounds, the claim would have been meritless. As a result, Bennett suffered no prejudice from counsel's alleged deficiency. His ineffective-assistance-of-counsel claim therefore fails.

**IV.  Sentencing**

Finally, Bennett argues the district court abused its discretion in sentencing because the sentence imposed does "not serve the important goal of rehabilitation

nearly as well as the sentence suggested by defense counsel." As noted, the district court sentenced Bennett to, among other things, two years of incarceration on each charge, to run concurrently with one another. Bennett contends the court's refusal to suspend his sentences and place him on probation was an abuse of discretion.

Sentencing decisions are cloaked with a strong presumption in their favor. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). Where, as here, a defendant's sentence is within the statutory limitations, we review the district court's decision for an abuse of discretion, our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017) (quoting *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015)). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)).

In declining Bennett's request for suspended sentences and probation and instead imposing a term of incarceration, the court noted its consideration of Bennett's criminal history, the nature of the offenses, protection of the community, and the recommendation of the author of the presentence investigation report. The record reveals Bennett's extensive criminal history, which has included multiple convictions for violent crimes. He has been given the opportunity to partake in probationary services in the past but his probation has been revoked multiple times

and his criminal activity has continued. In light of Bennett's historical behavior coupled with his conduct in the cases now before us, we find no abuse of discretion in the district court's sentencing decision and affirm the same.

**V.      Conclusion**

We conclude Bennett's conviction was supported by sufficient evidence, trial counsel was not ineffective, and the district court did not abuse its discretion in sentencing. We therefore affirm.

**AFFIRMED.**