STATE of Iowa, Appellee,

v.

Evelyn F. ROBERTSON, Appellant.

No. 69634.

Supreme Court of Iowa.

July 18, 1984.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Rebecca L. Claypool and Roxann M. Ryan, Asst. Attys. Gen., and Stephen Peterson, Muscatine County Atty., for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON and CARTER, JJ.

LARSON, Justice.

This defendant, Evelyn Faye Robertson, appeals her conviction for solicitation to commit a felony, Iowa Code section 705.1, challenging the constitutionality of the solicitation statute on the ground it allows corroboration of intent to be established by evidence less than "beyond a reasonable doubt." We affirm.

The defendant was convicted of attempting to arrange the murder of her husband. Iowa Code section 705.1, under which she was charged, provides:

> Any person who commands, entreats, or otherwise attempts to persuade another to commit a particular felony or aggravated misdemeanor, with the intent that such act be done *and under circumstances which corroborates [sic] that intent by clear and convincing evidence,* solicits such other to commit that felony or aggravated misdemeanor.

(Emphasis added.) Robertson complains that, by reason of the emphasized language of the section, the State may establish corroboration by "clear and convincing" evidence, a quantum of proof less stringent than that beyond a reasonable doubt required by the United States Constitution and by our own statutes and rules of criminal procedure. The facts bearing on this issue are not disputed.

Prior to the 1978 criminal code revision, there was no "solicitation" crime as such, but other statutes applied. *See, e.g.,* Iowa Code section 690.8 (1977) (advising or inciting murder); section 721.3 (attempting to suborn perjury); section 724.2 (solicitation for prostitution); section 689.4 (inciting insurrection); section 689.5 (inciting treason); and section 689.8 (inciting hostilities). Section 705.1, as it now exists, is said to merely consolidate various provisions of our law relating to solicitation or incitement. *See* 1 J. Roehrick, *The New Iowa Criminal Code: A Comparison,* chapter 705, at 55 (1978). In none of these related statutes was there a requirement of corroboration.

■ Although it has apparently been long assumed that the requirement of proof beyond a reasonable doubt in criminal matters was of constitutional proportion, the Supreme Court removed all doubt in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970):

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

*Id.* at 364, 90 S.Ct. at 1073, 25 L.Ed.2d at 375.

Our statutes and rules reflect that view. *See* Iowa Code § 701.3 ("Every person is presumed innocent until proved guilty. No person shall be convicted of any offense unless his or her guilt is proved beyond a reasonable doubt."); Iowa R.Crim.P. 21(9)(a) ("Where there is a reasonable doubt of the defendant being proven to be guilty the defendant is entitled to an acquittal.").

■ It should be noted, however, that while the constitution is said to require proof beyond a reasonable doubt of "every fact necessary to constitute the crime," *Winship,* 397 U.S. at 364, 90 S.Ct. at 1073, 25 L.Ed.2d at 375, it does not necessarily follow that the same standard applies to *all* facts required to be proven by the State.

One authority, in discussing the analogous problem of shifting to a defendant the burden of proving affirmative defenses, has noted that as to some, "their truth goes in final analysis to the guilt of, to the rightness of punishing, the accused, and as to them the state has the burden of proof beyond a reasonable doubt." C. McCormick, *Handbook of the Law of Evidence* § 341, at 103 (1978 Supp.).

> It is generally and properly said that this measure of reasonable doubt need not be applied to the specific detailed facts, but only to the *whole issue;* and herein is given opportunity for much vain argument whether the strands of the cable or the links of a chain furnish the

better simile for testing the measure of persuasion.

(Footnote omitted) 9 J. Wigmore, *Evidence* § 2497, at 324 (3d Edition 1940).

■ While Wigmore cites two Iowa cases as *contra* authority, *State v. Cohen*, 108 Iowa 208, 78 N.W. 857 (1899); and *State v. DeKoning*, 233 Iowa 951, 274 N.W. 25 (1937), the holdings of these cases are actually consistent with Wigmore's statement of the law. In *Cohen* the district court had instructed that "every fact and circumstance" must be proven beyond a reasonable doubt. The Supreme Court did not hold this was a requirement for conviction, saying only that such an instruction was "eminently fair" to the defendant. In *DeKoning*, the trial court had instructed in such a way as to imply that each element of the offense need not be proven beyond a reasonable doubt if the jury, "taking the testimony altogether, [is] satisfied beyond a reasonable doubt that the defendant is guilty." This court held this was error noting that "[w]hat the court doubtless intended to say was that it was not incumbent on the state to prove beyond a reasonable doubt every circumstance offered in evidence, and tending to establish facts essential to conviction. If so intended, it would have been a correct statement of the law."

Any constitutional challenge, of course, initially encounters the presumption of constitutionality accorded a statute. *See State v. Sullivan*, 298 N.W.2d 267, 270 (Iowa 1980) ("The person mounting the constitutional challenge on a legislative enactment carries the heavy burden to rebut a strong presumption of constitutionality.") (vagueness challenge); *see also State v. Kueny*, 215 N.W.2d 215, 216–17 (Iowa 1974) (same); *State v. Vick*, 205 N.W.2d 727, 729 (Iowa 1973) (same).

■ We believe the clear and convincing standard applied by section 705.1 to proof of corroboration is compatible with the constitutional requirements set forth in *Winship*. We say so because this corroboration, while it is required by the statute, is not itself a "fact necessary to constitute the crime," *Winship*, 397 U.S. at 364, 90 S.Ct. at 1073, 25 L.Ed.2d at 375, even though the element of intent, upon which the corroboration bears, is such a necessary fact. In this respect it is like proof of venue, *State v. Allen*, 293 N.W.2d 16, 20–21 (Iowa 1980); and the "inevitable discovery" exception to the exclusionary rule, *State v. Williams*, 285 N.W.2d 248, 216 (Iowa 1979), aff'd sub nom. *Nix v. Williams*, —— U.S. ——, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), which do not bear directly on the guilt or innocence of the defendant and thus are not subject to the reasonable doubt standard. The defendant in this case concedes that the solicitation statute would be valid even if it contained no corroboration requirement.

Instruction seven defined the crime of solicitation and noted the element of intent. Instruction eight, the marshalling instruction, set out the requirements for conviction: (1) the solicitation; (2) intent that the murder be committed; and (3) corroboration of that intent. Instruction nine explained intent and made it clear it must be proven by evidence beyond a reasonable doubt. Instruction ten dealt with the requirement of corroboration:

[Y]ou are instructed that "the intent that the offense be committed" must be corroborated by clear and convincing evidence. Such corroboration cannot be supplied merely by the fact of the solicitation, but must be proven independently. The evidence must tend to show, strengthen, confirm or point out that the defendant, when she solicited the commission of the offense, if she did so, intended that the offense be committed. The corroboration may be proved by either direct or circumstantial evidence.

This instruction is identical to Uniform Instruction 503 and, except for its "clear and convincing" language, closely tracks the requirements for corroboration under other statutes. That is, the corroboration must only "tend" to strengthen certain aspects of the case; proof beyond a reasonable doubt is not required. In *State v. King*, 256 N.W.2d 1 (Iowa 1977), for exam-

ple, we discussed the quantum of proof required to satisfy the statutory requirement of corroboration of an accomplice's testimony.

It is commonly understood corroborating evidence, as instantly applied, is complementary to that previously given and tends to strengthen or confirm it; additional evidence of a different character on the same point. [Authorities cited.]

Furthermore, the corroboration of an accomplice's testimony need not be strong, nor must it confirm every material fact testified to by the accomplice. It need only tend to connect an accused with the commission of a given crime.

Put in the abstract, as it is by defendant, we are satisfied the isolated "beyond a reasonable doubt" standard he here invites us to apply is misconceived.

(Citation omitted.) *Id.* at 10. In *King*, we concluded that the instructions as a whole properly applied the reasonable doubt standard despite the fact the corroborating evidence was subject to a less stringent test. *Id.* at 11. *See also State v. Gates*, 246 Iowa 344, 351–52, 67 N.W.2d 579, 583 (1954) ("[t]here is of course a difference in the quantum of proof of identity necessary when the evidence is being used as substantive proof of guilt and when it is being used to corroborate an accomplice.")

Similarly, under the rule that defendant's confession "will not warrant a conviction, unless accompanied with other proof," Iowa R.Crim.P. 20(4), we have held that corroboration need not be strong so long as it confirms some material fact connecting the defendant with the crime. *See, e.g., State v. White*, 319 N.W.2d 213, 214 (Iowa 1982); *State v. Vesey*, 241 N.W.2d 888, 890 (Iowa 1976).

The defendant distinguishes these cases on the ground that the corroboration of accomplice testimony and confessions is based on separate statutes or rules whereas the corroboration of intent is included in the solicitation statute itself, evidencing an intent by the legislature to make corroboration a "specific element of the offense."

■ We do not believe the location of the corroboration requirement may be interpreted as an intent to elevate the corroboration of solicitation intent to a higher level of proof than corroboration in other contexts. In fact, Iowa Rule of Criminal Procedure 20(3), which must be presumed to have the imprimatur of the legislature under Iowa Code section 684.19, treats corroboration of accomplices and solicitees the same:

A conviction cannot be had upon the testimony of an accomplice or a solicited person, unless corroborated by other evidence which *shall tend to connect* the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

(Emphasis added.) This "tend to connect" language evidences a standard for proof of corroboration less stringent than beyond a reasonable doubt. In a solicitation case, of course, the evidence "tend[ing] to connect" the defendant must be clear and convincing.

At least one state, California, has had a solicitation statute which required testimony of "two witnesses or of one witness and corroborating circumstances" and, like Iowa, put that requirement in the solicitation statute itself. While the California Supreme Court did not address the specific issue raised here, it concluded that the corroboration requirements contained in the solicitation statute were subject to "the well-established rule that the corroborative evidence need not be strong nor sufficient in itself, without the aid of other evidence, to establish the fact in issue...". *People v. Burt*, 45 Cal.2d 311, 316, 288 P.2d 503, 507 (1955). *Accord, People v. Humphrey*, 27 Cal.App.2d 631, 640, 81 P.2d 588, 593 (1938) (solicitation charge; accomplice corroboration principles applied: "corroborating evidence is sufficient if it of itself tends to connect the accused with the commission of the offense, although it is slight....."). *See generally* Annot., *Solicitation to Commit Crime*, 51 A.L.R.2d 953, 961 (necessity and sufficiency of corroboration).

■ Our view that the corroboration requirement was not intended as an element of the crime of solicitation but as a guarantor of trustworthiness of one of the elements is supported by this discussion of the background of the statute provided by members of the drafting committee:

> While realizing the need for such a statute, the committee was somewhat apprehensive that the solicitation statute might prove to be excessively restrictive on free speech or be otherwise subject to abuse, resulting in prosecutions for casual comments which are not intended to be taken seriously; hence the unusual provision for renunciation and the requirement of corroboration of intent by clear and convincing evidence.

4 Yeager & Carlson, *Iowa Practice: Criminal Law and Procedure*, § 102, at 29 (1979).

We find no reversible error.

AFFIRMED.