# IN THE COURT OF APPEALS OF IOWA

No. 15-1497
Filed August 31, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ALEXANDER MOORE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Cynthia H. Danielson, Judge.

Alexander Moore appeals a conviction for second-degree sexual abuse on sufficiency-of-the-evidence grounds. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Following a bench trial, Alexander Moore appeals one of two convictions of sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3(2) (2013), challenging the sufficiency of the evidence. Because we find substantial evidence to support the conviction, we affirm.

**I. Background Facts and Proceedings**

Alexander Moore was convicted of second-degree sexual abuse of K.M. and M.M., who at the time of the offenses were three years old and four years old, respectively. During the spring of 2014, Moore lived with the children and their mother, where both children slept in the same bed as Moore.

On March 19, 2014, the children's mother contacted the police after she discovered what she thought to be child pornography on Moore's cell phone. Police initiated a criminal investigation into Moore, and after police questioning, Moore admitted to rubbing the vaginas of K.M. and M.M. while they slept and while he masturbated. He later admitted to masturbating into their vaginas and digitally penetrating them. He disclosed that he had done this to each child ten times since each child had reached the age of one.

The State charged Moore with two counts of second-degree sexual abuse, and he waived his right to a jury trial. In 2015, the court found Moore guilty on both counts and sentenced him to two consecutive twenty-five-year terms.

Following Moore's admissions, Kimberly Hinson, a registered nurse with special training in sexual assault cases, examined the children. Hinson indicated that when she initially met with the children both were wearing dirty clothing and

soiled diapers. At trial, Hinson testified that she examined both children for abnormal phenomena and injuries to their genitals and skin around their genitals.

As to K.M., Hinson testified that her initial examination did not reveal anything abnormal but that K.M.'s inner labia minoras were "very dark, ruddy colored" and that her hymen was "sleeve-like." She further testified the hymen showed signs of irritation. She explained that this was not something one would normally expect to see in a three-year-old child. Hinson explained that the discoloration and irritation to the outside of the labias could be explained by the presence of feces and urine in the children's soiled diaper; however, Hinson clarified that such exposure would not have caused the irritation she observed on K.M.'s inner labias.

As to M.M., Hinson testified that she had abnormal "patterned areas" on her lower legs, describing them as "discolorations, similar to a bruise, a little bit brown in color." She explained that patterned areas were not abnormal to see on the bottom of the legs of a four-year-old child but that she also observed many such areas above M.M.'s knees, which she opined was not normal. She further testified that she observed that M.M.'s hymen was annular-shaped and had five openings as opposed to one. As to the multiple openings, Hinson stated that this was not something normally seen on a child of M.M.'s age. She opined that this can be caused by a "penetrating situation." She stated that M.M. also had several adhesions and described them as new skin tissues, "like scar tissue." She indicated the pattern of scarring she observed indicated "multiple injuries at different stages of time." Hinson said that the multiple holes in M.M.'s hymen could not have been self-inflicted.

Moore appeals.

## II. Standard of Review

"Challenges to the sufficiency of evidence are reviewed for errors at law." *State v. Keopasaeuth*, 645 N.W.2d 637, 639-40 (Iowa 2002). In so doing "[w]e consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (citation omitted). "We will uphold a verdict if substantial record evidence supports it." *Id.* at 688 (citation omitted). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *Id.* (citation omitted). If the "evidence only raises 'suspicion, speculation, or conjecture', it is not substantial evidence." *Id.* (citation omitted).

## III. Discussion

On appeal, Moore contends there is insufficient evidence to uphold his conviction as to K.M. He argues the State did not corroborate his confession.

Confessions "cannot result in a conviction in the absence of corroborating evidence from the crime charged." *State v. Meyers*, 799 N.W.2d 132, 139 (Iowa 2011) (quoting *State v. Robertson*, 351 N.W.2d 790, 793 (Iowa 1984)). The corroborating evidence will be sufficient "as long as it supports the content of the confession and if, together with the confession, proves the elements of the charge against the defendant beyond a reasonable doubt." *Id.* at 139 (citation omitted). "Corroboration need not be strong nor need it go to the whole case so

long as it confirms some material fact connecting the defendant with the crime." *State v. Liggins*, 524 N.W.2d 181, 187 (Iowa 1994).

Moore maintains the State presented no evidence corroborating his confession as it pertains to K.M and that it used the evidence from M.M.'s case to convict him on both counts. We disagree.

At the bench trial, the court heard Hinson's testimony explaining the physical condition she observed of both children. The conditions and observations of the children she described were consistent with the statements Moore made during his confession to police officers. Additionally, the court heard evidence about Moore's sleeping arrangements with K.M. while they lived together. K.M.'s physical condition coupled with Moore's confession and recurring opportunities to commit this crime satisfy us that the evidence sufficiently supports the conviction against him. *See State v. Polly*, 657 N.W.2d 462, 466-67 (Iowa 2003) (holding that confessions must be corroborated by independent evidence, but that independent evidence need not go to every element of the crime).

Given the evidence detailed above, Moore's confession was supported by additional and credible evidence the trier of fact would be substantially justified in trusting; therefore, the evidence was sufficiently reliable to support the court's finding of guilt beyond a reasonable doubt. *See id.* at 466-67.

## IV. Conclusion

Moore's confession was sufficiently corroborated to support his conviction. We affirm.

**AFFIRMED.**