# IN THE COURT OF APPEALS OF IOWA

No. 17-1633
Filed November 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MELVIN WILLIAM SPENCER III,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.


        Melvin Spencer appeals his conviction for attempted murder.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Melvin Spencer appeals his conviction for attempted murder. Through appellate counsel, Spencer asserts the district court abused its discretion when it permitted the State to introduce certain evidence of drugs found near the scene of the alleged crime, arguing the evidence was irrelevant, overwhelmingly prejudicial compared to any probative value, not inextricably intertwined with evidence of the charged offense, and prejudicial to the point any error was not harmless. In a supplemental brief, Spencer—representing himself—makes numerous assertions. Upon our review, we affirm the district court's ruling, and we preserve for possible postconviction-relief proceedings Spencer's claims relating to ineffective assistance of trial.

### I. Background Facts and Proceedings.

On patrol in the early morning hours of February 26, 2017, Woodbury County Deputy Sheriff Troy Tadlock attempted to stop a Lincoln MKZ for an equipment violation and a traffic violation. The car did not stop, and a high-speed chase ensued. At one point, the car stopped, and the driver of the Lincoln, Brittney Hood, hopped out of the vehicle and took off running. As Deputy Tadlock ran up to the car, it suddenly sped away. Deputy Tadlock then pursued Hood on foot and apprehended her.

Meanwhile, another deputy in a separate patrol car, Deputy Michael Lenz, picked up the chase of the eluding Lincoln. The deputy, reaching speeds of 70 to 80 miles per hour, was unable to catch up with the car. The chase ended when the Lincoln swerved off the road into a ditch and got stuck in the snow. As Deputy Lenz pulled his patrol car behind the Lincoln, Melvin Spencer, clad in a red jacket,

reached out from the driver's side window with a handgun and shot toward the deputy. The deputy ducked for cover down behind his car's dash. When the shots ended, he got out of the car and took a position behind its driver's door and began returning fire at Spencer. Spencer fired back and the deputy then took cover at the rear of his patrol car and continued to return fire. At some point, Spencer got out of the car on its passenger side and ran on foot away from the deputy. In the meantime, Deputy Lenz observed a second person in a black jacket next to the Lincoln's passenger's side. The deputy believed the second person was coming towards him and he fired at him. The second person sustained a gunshot wound and went down to the ground. The second person was then detained.

A search for Spencer was performed by the SWAT team, and he was found approximately one half to three-quarters of a mile from where the Lincoln became stuck. Spencer was arrested. The area surrounding the Lincoln, as well as the path from the Lincoln to where Spencer was found, were searched. Outside the car, approximately thirty feet north, another gun, a black hat, and a baggie of about forty-three grams of cocaine were found in the snow. When a deputy got in the Lincoln to assist in the towing procedure, he observed a gun on the seat.

Thereafter, Spencer was charged with attempted murder. Prior to trial, Spencer's trial counsel filed a motion in limine, seeking to exclude the cocaine from evidence. Spencer's counsel argued the evidence was irrelevant to the charges against Spencer, and even if it was relevant, its prejudicial effect outweighed any probative value. The State argued the evidence was relevant to Spencer's specific intent and motive, and it asserted the evidence was not overly prejudicial. The State also argued the evidence was inextricably intertwined with the crime

charged. The district court denied the motion, finding the evidence was admissible for the purpose of showing Spencer's motive and intent, as related to the specific-intent element of the offense, and the court allowed the evidence to be admitted.

At the jury trial, Spencer did not deny firing the gun; the chase and subsequent events were video-recorded by the patrol cars' cameras and the videos entered into evidence. Rather, Spencer's defense was that the State could not prove beyond a reasonable doubt that his intent in firing the gun was to kill the deputy. Spencer recognized that, based upon his discharge of the firearm, he was guilty of some crime of assault, but he suggested his intent in firing the gun was merely to escape the scene, "a panicked effort to get away."

When the evidence concerning the cocaine was about to be offered during the trial, Spencer's counsel objected, and the district court overruled his objection. Law enforcement officers testified about finding a baggie containing a white powdery substance, and a laboratory criminologist testified the substance was determined to be cocaine. The prosecutor mentioned the cocaine in his closing argument.

The jury found Spencer guilty as charged. Spencer was subsequently sentenced to an indeterminate term of twenty-five years. He now appeals.

## II. *Discussion.*

On appeal, Spencer asserts, through his counsel, that the district court abused its discretion in admitting the evidence of cocaine at his trial. He argues the evidence was inadmissible and resulted in prejudicial error. Additionally, in a supplemental brief, Spencer—representing himself—makes several vague claims of error. We begin with the evidentiary challenge.

### A. Cocaine Evidence.

"We review evidentiary rulings for abuse of discretion." *State v. Huston*, 825 N.W.2d 531, 536 (Iowa 2013); *see also State v. Newell*, 710 N.W.2d 6, 18 (Iowa 2006) ("Rulings on the admissibility of prior-acts evidence are reviewed for an abuse of discretion."). "An abuse of discretion occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Mulatillo*, 907 N.W.2d 511, 518 (Iowa 2018). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Hoyman*, 863 N.W.2d 1, 7 (Iowa 2015) (citation omitted). The deferential abuse-of-discretion standard of review recognizes that whether evidence should be admitted or excluded is generally "a judgment call on the part of the trial court." *State v. Rodriquez*, 636 N.W.2d 234, 240 (Iowa 2001); *see also State v. Caples*, 857 N.W.2d 641, 645 (Iowa Ct. App. 2014). "The defendant has the heavy burden of establishing the trial court abused its discretion in making that judgment call." *Caples*, 857 N.W.2d at 645. Moreover, "[e]ven if a trial court has abused its discretion, prejudice must be shown before" reversal is warranted. *State v. Putman*, 848 N.W.2d 1, 7 (Iowa 2014). And we note the district court's evidentiary ruling may be affirmed on any ground raised on appeal. *See Newell*, 710 N.W.2d at 23-24; *DeVoss v. State*, 648 N.W.2d 56, 61-63 (Iowa 2002).

"Every person is presumed innocent until proved guilty. No person shall be convicted of any offense unless the person's guilt thereof is proved beyond a reasonable doubt." Iowa Code § 701.3 (2017). This requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

charged." *State v. Robertson*, 351 N.W.2d 790, 791 (Iowa 1984) (citation omitted).

"In other words, before it can secure a conviction the State must demonstrate to

the jury beyond a reasonable doubt each essential element of the alleged offense."

*State v. Lewis*, 242 N.W.2d 711, 719 (Iowa 1976) (citation omitted). To that end,

the State presents the factfinder with evidence, the object of which "is inform the

trial tribunal of the material facts which are relevant as bearing upon the issue, in

order that the truth may be elicited and that a fair determination of the controversy

may be reached." 29 Am. Jur. 2d *Evidence* § 1 (Westlaw 2017); *see also* Iowa R.

Crim. P. 2.4(3) (requiring evidence to support the indictment).

"Crime . . . is ordinarily done stealthily, and its unravelment and conviction

frequently depend upon proof of incriminating circumstances, rather than upon the

testimony of eyewitnesses." *State v. Brazzell*, 150 N.W. 683, 687 (Iowa 1915).

Thus, evidence "can be either direct or circumstantial, or both." *State v. Harris*,

891 N.W.2d 182, 186 (Iowa 2017). But both types of evidence—direct or

circumstantial—are equally probative. *See State v. Kelso-Christy*, 911 N.W.2d

663, 668 (Iowa 2018). "In a given case, circumstantial evidence may be more

persuasive than direct evidence." *State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa

2011). Simply put, "[d]irect evidence of guilt is not required." *State v. Tipton*, 897

N.W.2d 653, 692 (Iowa 2017). "A defendant may be convicted solely on

circumstantial evidence if it is sufficiently compelling to convince a judge or jury of

the defendant's guilt beyond a reasonable doubt." *Id.*

> [T]he danger of being misled as to the existence of the
> circumstantial facts, and the liability of mistake in the inferences to
> be drawn from established facts, is such that the law has
> circumscribed and guarded their use by certain well-established

rules which courts are required to observe in the administration of justice.

*Brazzell*, 150 N.W. at 687.

Under the rules of evidence, relevant evidence is admissible; irrelevant evidence is not. *See* Iowa R. Evid. 5.402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401; *see also Putman*, 848 N.W.2d at 9. Stated another way, evidence is relevant if "a reasonable person might believe the probability of the truth of the consequential fact to be different if the person knew of the proffered evidence." *Putman*, 848 N.W.2d at 9 (cleaned up[1]).

Even if the evidence is relevant, if the evidence is "of other crimes, wrongs, or acts," it cannot be admitted "to prove the character of a person in order to show that the person acted in conformity therewith." Iowa R. Evid. 5.404; *Putman*, 848 N.W.2d at 9. But evidence of other crimes, wrongs, or acts can be admitted for other purposes, "such as proving motive, opportunity, [and] intent." Iowa R. Evid. 5.404(b)(3). Such "evidence is admissible if it is probative of some fact or element in issue other than the defendant's general criminal disposition." *State v. Nelson*, 791 N.W.2d 414, 425 (Iowa 2010). Additionally, there is a separate category of "other crimes, wrongs, or acts" outside the "strictures of rule 5.404(b)" concerning "evidence of the surrounding circumstances of the crime in a causal, temporal, or

---

[1] "Cleaned up" is a relatively new parenthetical used to indicate that internal quotation marks, alterations, and citations have been omitted from quotations for readability purposes. *See United States v. Steward*, 880 F.3d 983, 986 n.3 (8th Cir. 2018); Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (Fall 2017).

spatial sense, [but] incidentally reveal[s] additional, but uncharged, criminal activity." *Id.* at 420. This type of evidence is considered to be "inextricably intertwined" with evidence relating to the charged crime and is admissible, notwithstanding "the strictures of rule 5.404(b)." *Id.*

Finally, if "the court determines the evidence is relevant to a legitimate issue in dispute, the court must determine whether the probative value of the . . . evidence is substantially outweighed by the danger of unfair prejudice to the defendant." *Id.* at 425. "If the evidence's probative value is substantially outweighed by its unfair prejudice, it must be excluded." *Id.*

All that being said, "error in an evidentiary ruling that is harmless may not be a basis for relief on appeal." *State v. Parker*, 747 N.W.2d 196, 209 (Iowa 2008). The error is found to be harmless "if the overall circumstances affirmatively establish the error did not affect the substantive rights of the defendant." *Id.* Stated another way, the erroneous evidentiary ruling must have "affected 'a substantial right of the party' opposing admission" "to serve as grounds for reversal of the conviction or other relief." *State v. Wilson*, 878 N.W.2d 203, 218-19 (Iowa 2016) (quoting Iowa R. Evid. 5.103); *Parker*, 747 N.W.2d at 209; *see also generally DeVoss*, 648 N.W.2d at 62 (explaining evidentiary rulings' exception from the standard error-preservation rules and noting a possible reason for the exception "is the realization that on retrial the error could easily be corrected. So for judicial economy purposes and to advance finality, we ignore the error preservation requirement."). Where the improperly admitted evidence was merely cumulative of other properly admitted evidence or there was overwhelming evidence of the defendant's guilt of the charged crime, a defendant cannot establish the court's

error affected his substantive rights. *See Wilson*, 878 N.W.2d at 219; *Parker*, 747 N.W.2d at 209-10.

To prove Spencer guilty of the crime of attempted murder, the marshalling instruction to the jury explained the State had to prove all of the following:

> 1. On or about the 26th day of February, 2017, [Spencer] fired several shots from a handgun at [Deputy Lenz].
> 2. By his acts, [Spencer] expected to set in motion a force or chain of events which would cause or result in the death of [Deputy Lenz].
> 3. When [Spencer] acted, he specifically intended to cause the death of [Deputy Lenz].
> If the State has proven all of the above elements, [Spencer] is guilty of Attempt to Commit Murder.
> If the State has failed to prove any one of the above elements, [Spencer] is not guilty of Attempt to Commit Murder and you will then consider the lesser-included charge of Assault with Intent to Inflict Serious Injury.

*See also* Iowa Code § 707.11(1). Thus, attempted murder is a specific-intent crime. *See id.*; *Krogmann v. State*, 914 N.W.2d 293, 322 (Iowa 2018). On appeal, Spencer argues the cocaine evidence was irrelevant to establishing elements of the offense, the evidence was highly prejudicial and outweighed any probative value, and the admission of the evidence was not a harmless error.

### *1. Relevance.*

The State argued, and the district court agreed, that the cocaine evidence was relevant to the issue of Spencer's motive and specific intent in firing at the deputy. As stated above, relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." *Kinseth v. Weil-McLain*, 913 N.W.2d 55, 77 (Iowa 2018) (citation omitted) (cleaned up).

First, we note the cocaine evidence was directly connected to Spencer. The baggie of cocaine was found in the area of the path Spencer took when he fled away from the crime scene. There was fresh snow on the ground and the baggie was found on top of the snow, near Spencer's foot prints, so there was no indication some other third party could have dropped the baggie there. The passenger was shot and went down by the Lincoln; there was no evidence he could have dropped or even flung the baggie to where it was found. Hood was not even at this scene. It is clear the jury could have found it was Spencer who dropped the baggie in fleeing the scene.

The State was required to prove Spencer fired the gun with the specific intent to kill the deputy. Although Spencer contends the cocaine evidence could not demonstrate his intent, a reasonable juror could believe Spencer shot at and intended to kill the deputy in order to avoid being captured while in possession of the cocaine. As illogical as that may seem to an ordinary person, we cannot say the court abused its discretion in finding the evidence relevant.

### 2. *Inextricably Intertwined.*

In resisting Spencer's motion in limine, the State primarily focused on its argument that the cocaine evidence was inextricably intertwined with the charged crime. At trial, Spencer argued, and the district court found, the cocaine evidence was not admissible on that basis. Even though the district court rejected the State's inextricably-intertwined argument, on appeal, the State resurrects its argument and urges this court to affirm the admission of the cocaine evidence on that basis, citing *DeVoss*. *See* 648 N.W.2d at 62 ("[W]e may affirm the ruling on a proper ground urged but not relied upon by the trial court." (quoting *Krohn v.*

*Judicial Mag. Appointing Comm'n*, 239 N.W.2d 562, 563 (Iowa 1976))). We decline the State's invitation and agree with the district court's ruling.

"Inextricably intertwined evidence is evidence of the surrounding circumstances of the crime in a causal, temporal, or spatial sense, incidentally revealing additional, but uncharged, criminal activity." *Nelson* at 420 (citation omitted). When uncharged "acts are so closely related in time and place and so intimately connected that they form a continuous transaction, the whole transaction may be shown to complete the story of what happened, even though they may incidentally show the commission of another uncharged crime." *Id.* at 422 (cleaned up). If the "court cannot sever this evidence from the narrative of the charged crime without leaving the narrative unintelligible, incomprehensible, confusing, or misleading," it is admissible as inextricably intertwined evidence, even if it is evidence of another crime. *Huser*, 894 N.W.2d at 504.

In determining whether the inextricably intertwined evidence is applicable, it must be determined whether the evidence is indeed intrinsic to the charged crime. *See Wilson*, 878 N.W.2d at 211; *see also* David P. Leonard, The New Wigmore. A Treatise on Evidence: Evidence of Other Misconduct and Similar Events, *General Theory; "Intrinsic" vs. "Extrinsic" Evidence* § 5.2 (Westlaw 2018) (discussing the differences between intrinsic and extrinsic evidence and concluding, "Courts should approach evidence of any uncharged misconduct in the same way: by measuring its probative value for a legitimate purpose and comparing that value to the tendency of the evidence to cause unfair prejudice"). In *Wilson*, the Iowa Supreme Court was required "to determine the admissibility of evidence of acts Wilson committed when officers attempted to arrest him, not acts

he committed at the time the crimes for which he was charged were committed." 878 N.W.2d at 211. Because the acts for which Wilson was charged and ultimately convicted of—forgery and falsifying a public document—did not occur when the uncharged conduct—fleeing and hiding when officers came to arrest him—occurred, the court found the evidence of Wilson's fleeing and hiding was evidence of acts extrinsic to the crimes charged. *See id.* The court consequently concluded the inextricably-intertwined-evidence doctrine was inapplicable, and it proceeded to analyze the evidence's admissibility under Iowa Rule of Evidence 5.404(b). *See id.* at 211-12.

Here, though the acts leading to the cocaine evidence occurred much closer in time to the charged crime, like in *Wilson*, the cocaine evidence was extrinsic to the charged crime. Consequently, the district court did not err in failing to admit the evidence on this basis.

### 3. *Prior-Bad-Acts and Other-Crimes Evidence.*

As stated above, even if evidence is relevant, it cannot be admitted "to prove the character of a person in order to show that the person acted in conformity therewith." Iowa R. Evid. 5.404; *Putman*, 848 N.W.2d at 9. Nevertheless, evidence of other crimes, wrongs, or acts can be admitted for other purposes, "such as proving motive, opportunity, [and] intent." Iowa R. Evid. 5.404(b)(3). Here, the State argued and the district court found the evidence, insofar as it was evidence of other crimes, was admissible for a non-character purpose—specifically, the purpose of showing Spencer's motive and intent in firing the gun in Deputy Lenz's direction. We agree.

> Motive explains why a person did the act charged. Although motive is not an element of an offense, the law generally permits the government to show a defendant's motivation for committing the crime. In addition, evidence of motive is generally admissible, even if the offered evidence would show or tend to show the commission of another crime. Thus, where the motive for the crime charged is the concealment of another crime, the evidence of the other crime is admissible to explain why the defendant committed the charged crime.

Barbara E. Bergman et al, 1 Wharton's Criminal Evidence, *Motive* § 4:29 (15th ed. Westlaw 2018) (internal footnotes omitted). "It is always competent to prove a motive for the commission of a crime, and evidence relative thereto is admissible as having more or less weight according to the other proved facts and circumstances with which it is related." *State v. Campbell*, 239 N.W. 715, 719 (Iowa 1931). But "[w]hen prior bad act evidence is offered to prove a motive for the crime, courts must be on guard to prevent the motive label from being used to smuggle forbidden evidence of propensity to the jury." *United States v. Mahone*, 328 F. Supp. 2d 77, 86 (D. Me. 2004); *see also Camm v. State*, 812 N.E.2d 1127, 1131 (Ind. Ct. App. 2004) ("[J]ust because motive is 'always relevant' . . . does not mean the State can introduce questionable character evidence simply by labeling it evidence of 'motive.' If the State's claim of relevance to motive is too strained and remote to be reasonable, then the extrinsic act evidence is inadmissible.").

Here, though not the strongest motive evidence, the jury could reasonably find Spencer's possession of the cocaine evidence of motive for his intentionally firing the gun at the deputy and thus his intent to kill the deputy. We cannot find the district court abused its discretion in finding the cocaine evidence was admissible under rule 5.404(b)(2) as evidence of motive or intent.

### 4. Probative versus Prejudicial Value.

Finally, to be admissible, the challenged evidence's probative value must substantially outweigh its prejudicial value. *See* Iowa R. Evid. 5.403. "Evidence is unfairly prejudicial if it has an undue tendency to suggest decisions on an improper basis commonly, though not necessarily, an emotional one." *Putman*, 848 N.W.2d 1 (citation omitted) (cleaned up). However, even evidence that is highly probative "may be excluded if the danger of unfair prejudice is too great." *Id.*

> In determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, courts should consider
>> the need for the evidence in light of the issues and the other evidence available to the prosecution, whether there is clear proof the defendant committed the prior bad acts, the strength or weakness of the evidence on the relevant issue, and the degree to which the fact finder will be prompted to decide the case on an improper basis.

*Wilson*, 878 N.W.2d at 211 (quoting *Nelson*, 791 N.W.2d at 425).

Here, though we do not think the evidence was highly probative of Spencer's intent, we do not believe it was highly prejudicial either. The State was required to prove Spencer's state of mind when he decided to fire the gun at the deputy. Considering the relevant factors, we do not believe this evidence's prejudicial value outweighed its probative value to the issues in the case. Consequently, we find no abuse of discretion in the district court's ruling that the evidence was more probative than prejudicial and therefore admissible.

In any event, as noted above, even assuming the district court abused its discretion on any of the issues relevant to the evidence's admissibility, the error was harmless and does not warrant reversal.  We therefore affirm on this issue.

### 5.  *Harmless Error.*

Even if the district court should not have admitted the cocaine evidence, Spencer has failed to establish his substantive rights were affected by the admission of the evidence.  At trial, Spencer's attorney in his opening statement asserted the State could not prove Spencer intended to kill Deputy Lenz, and he acknowledged "everything is on tape except the mental state of Mr. Spencer"; "I expect you're going to find Mr. Spencer discharged that firearm.  I expect you're going to find that that constitutes an assault of some sort.  I expect you're going to find him guilty of something, but not to kill Deputy Lenz."  Consequently, the only element of the crime truly in dispute was whether Spencer acted with the specific intent to kill Deputy Lenz.

Because intent is a state of mind that is "seldom capable of direct proof," it can be "established by circumstantial evidence and by inferences reasonably to be drawn from the conduct of the defendant and from all the attendant circumstances in the light of human behavior and experience." *Kelso-Christy*, 911 N.W.2d at 667-68 (citation omitted).  The jury can "infer intent from the normal consequences of one's actions." *State v. Evans*, 671 N.W.2d 720, 724-25 (Iowa 2003) (citation omitted); *see also State v. Green*, 896 N.W.2d 770, 780 (Iowa 2017).  When a firearm is aimed at a person and discharged, a jury can infer the shooter's intent was to kill.  *See Green*, 896 N.W.2d at 780-81; *see also State v.*

*Fischer*, 60 N.W.2d 105, 107 (Iowa 1953) ("[T]he assault with a rifle, certainly a deadly weapon, the number of shots fired, . . . all made a jury issue on malice.").

Here, Spencer leaned out the vehicle's window and fired in the direction of the deputy. After Deputy Lenz returned fire, Spencer fired again at the deputy. The jury was instructed it could, but was not required to, conclude a person intends the natural results of his or her acts. Spencer's act of firing the gun towards Deputy Lenz is overwhelming circumstantial evidence of Spencer's intent to kill the deputy. If admitting the cocaine evidence was an error, it was harmless. Consequently, reversal is not warranted.

**B. Pro Se Issues.**

Finally, Spencer filed a brief of his own making various vague statements of error. The State argues Spencer's ineffective-assistance-of-counsel claim "has not been made with sufficient clarity to address on direct appeal." We agree. The random mention of an issue by an appellant, "without analysis, argument, or supporting authority is insufficient to prompt an appellate court's consideration." *Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994). Consequently, we do not consider his claims here. However, we do preserve the claims for possible postconviction-relief proceedings.

**III. Conclusion.**

Upon our review of the record, we do not find the district court abused its discretion when it ruled the cocaine evidence was relevant but not inextricably intertwined, admissible for the non-character purposes of motive and intent as permitted by rule 5.404(b)(2), and more probative than prejudicial. Nevertheless, even if admission of the cocaine evidence was erroneous, the error was harmless

under the facts of the case and does not warrant reversal.  Finally, we preserve for possible postconviction-relief proceedings Spencer's ineffective-assistance-of-counsel claims.  Accordingly, we affirm Spencer's conviction and sentence.

**AFFIRMED.**